```
                                                          FILED
       IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
       MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION FEB 12 2004
                                                          CLERK
                                                  U.S. DISTRICT COURT
                                                  MIDDLE DIST. OF ALA.
```

JACQUELINE COX,                 )
                                )
    Plaintiff,              )
                                )
    v.                      )   CIVIL ACTION NO. 03-T-1253-E
                                )
FIRST FAMILY FINANCIAL SERVICES,)
INC., et al.,                   )
                                )
    Defendants.             )

### ORDER

This lawsuit, which was removed from state to federal court based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. First, the court agrees with plaintiff that there has not been <u>fraudulent joinder</u> of any resident defendant (that is, plaintiff has colorable claims against such a defendant), <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989). Second, the court agrees with plaintiff that there has not been <u>fraudulent misjoinder</u> of any resident defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996); <u>see also</u> <u>Wright v. Metropolitan Life Ins. Co.</u>, 74 F. Supp 2d 1150 (M.D. Ala.

EOD 2/12/04



1999) (Thompson, J.) (the fact that the plaintiff asserted the same claims against both the resident and non-resident defendants suggested that the plaintiff may not have sought to join the resident defendant with the specific intent to defeat removal jurisdiction).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand, filed on January 15, 2004 (Doc. No. 5), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Macon County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 12TH day of February, 2004.

/s/ MYRON H. THOMPSON
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE