IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE LEE POOLE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVILCASE NO.  2:05-CV-774 |
| | * | |
| AMERICAN INTERNATIONAL | * | |
| GROUP, INC; et al., | * | |
| | * | |
| Defendants. | * | |

## MOTION TO ALTER, AMEND OR VACATE COURT'S ORDER GRANTING DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO REMAND FOR THE PURPOSE OF CONDUCTING REMAND-RELATED DISCOVERY

COMES NOW the Plaintiff, pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure, and provides the following Motion to Alter, Amend or Vacate the Court's order granting Defendants' Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery.  Plaintiff additionally asks this Court to hear oral arguments regarding this issue.

### PROCEDURAL BACKGROUND

On July 1, 2005, Plaintiff commenced this action by filing a complaint against Defendants in the Circuit Court of Montgomery County, Alabama, CV-05-1653.  On August 11, 2005, Defendants removed the present action to this Court on diversity jurisdiction grounds under 28 U.S.C. § 1332(a).  On August 29, 2005, Plaintiff filed a Motion to Remand arguing against the existence of diversity jurisdiction.  On September 9, 2005, Defendants filed a Motion for an Extension of Time to Respond to Plaintiff's

Motion to Remand for the Purpose of Conducting Remand-Related Discovery, while also filing a Memorandum of Law in support of their motion. On September 12, 2005, before Plaintiff had an opportunity to file his opposition to the requested extension, this Court granted Defendants' Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery.

Plaintiff hereby, asks this Court to Alter, Amend or Vacate the Court's order granting Defendants' Motion for Extension of Time.

## **INTRODUCTION**

The issue before this Court has far reaching implications beyond just this single plaintiff case. What Defendants have requested, if allowed, will eventually result in this Court overseeing a miniaturized version of a Multi District Litigation Panel. Plaintiff's counsel currently represents approximately 2,000 individuals against these same corporate Defendants, in various states. Plaintiff's counsel currently has 9 identical cases that have been removed from state court to the federal court in Alabama pending a decision on motions to remand. Plaintiff's counsel anticipates filing a large number of additional cases in various Alabama state courts, many within the Middle District of Alabama. Presumably, Defendants will remove each of those cases asserting a claim of fraudulent joinder. As such, the precedent that Defendants are asking the Court to create could very likely inundate this Court by overseeing multiple depositions, discovery requests and disputes, all before subject matter jurisdiction is even considered.

Plaintiff instituted this action in the Circuit Court of Montgomery County, Alabama against Defendants American International Group, Inc., American General Corporation, American General Finance, Inc., American General Financial Services of

Alabama, Inc., Merit Life Insurance Company, Yosemite Insurance Company, Kathie Rowell and Latanya Kennedy.  Plaintiff could not have originally filed this action in federal court because Plaintiff is an Alabama resident and has alleged that Defendants Kathie Rowell and Latanya Kennedy ("collectively resident Defendants") are also residents of the State of Alabama.

Plaintiff alleges that both Ms. Rowell and Ms. Kennedy are the individuals responsible for making the false representations to him that are at issue in this action. Those representations include, but are not limited to, whether the purchase of credit insurance affected his credit score/rating and increased his chances of getting approved for the loan he requested and/or the reasonableness of the financial advice he received from the Defendants.  The Plaintiff alleges that he reasonably and detrimentally relied on the material representations and omissions of the non-diverse Defendants.  Furthermore, Plaintiff alleges that the fraudulent representations and omissions were intentional, wanton and committed with reckless disregard for his safety and rights.  Therefore, diversity jurisdiction does not exist because citizens of Alabama are on both sides of this litigation, and the "matter in controversy" is not "between . . . citizens of different States." 28 U.S.C. §1332.

In their Notice of Removal, Defendants alleged that the removal was proper under the diversity jurisdiction statute, 28 U.S.C. §1332, even though Plaintiff and Defendants Kathie Rowell and Latanya Kennedy are Alabama residents.  Defendants assert that Plaintiff fraudulently added the Alabama resident Defendants in this case, and therefore removal from the state court was proper pursuant to 28 U.S.C. § 1441 (b) under the doctrine of fraudulent joinder.  Plaintiff opposed this removal by way of his Motion to

Remand, respectfully submitting that the removal was improper and this case is due to be remanded to the Circuit Court of Montgomery County, Alabama.

In viewing all of the aforementioned facts in a light most favorable to Plaintiff, it cannot be said that he has not stated a viable state law claim for fraudulent misrepresentation and fraudulent concealment against the non-diverse Defendants. As such, Defendants have failed to meet their burden of establishing federal jurisdiction. The request for remand-related discovery is essentially an acknowledgment of the fact that they cannot meet their burden.

## ARGUMENT

The standard of the Eleventh Circuit in reviewing a motion to remand states that subject matter jurisdiction is judged by the face of Plaintiff's Complaint at the time of the filing of the removal petition.  In re Carter, 618 F.2d 1093, 1101 (11th Cir. 1983).  Where an action is removed to federal court, the removing defendant has the burden of establishing the existence of federal jurisdiction."  See Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by* Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000).  The Defendants in the case at hand have failed to establish the existence of federal jurisdiction; instead, they are asking this Court to allow them to conduct discovery in an attempt to prove that the case does belong in federal court.  Basically, the Defendants are asking this Court to adopt a horrific standard of discovery practice by allowing them to go on a fishing expedition in hopes that they may stumble across the unspecified evidence needed to establish the existence of federal jurisdiction.  The requested remand-related discovery is merely a delay tactic that would unnecessarily burden federal courts and plaintiffs.

4

Based on the observations of other federal judges and the past experience of counsel, this Court can be leery of the inevitable consequences of upholding the relief requested by Defendants. Over the past four years, counsel for Plaintiff has been involved in similar cases in Mississippi in which these Defendants and their counsel incorporated remand-related discovery as part of their defense strategy. The Mississippi federal courts initial willingness to allow remand-related discovery grossly encouraged other defendants to remove all types of actions in which they were unable to meet their burden at the time of removal. As hundreds of cases were removed, thousands of interrogatories, requests for production, requests for admissions and depositions were taken. This placed an enormous burden on federal courts and considerable expense and delay to the parties.

The removal statutes allow a defendant who can meet its burden of proof to remove a case. The statutes do not allow them to "remove now" and "ask questions later." That approach is contrary to the spirit and the letter of removal jurisprudence. Removal statutes are always to be construed narrowly, and the Defendants' "right to remove and plaintiff's right to choose as a forum are not on equal footing." Burns v. Windsor Insurance Co., 31 F.3d 1092 (11th Cir. 1994). The presumption supporting remand is vital and "necessary because if a federal court reaches the merits of a pending motion in a removed case where the subject matter of jurisdiction may be lacking it deprives a state court of its rights under the Constitution to resolve controversies in its own courts." University of South Alabama v. The American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). Similarly, the statutory presumption against removal logically extends to any request for remand-related discovery. The Defendants should not be

allowed to essentially concede that they cannot meet their burden and then have the Court further entangle itself in an extensive discovery request so that they can "fish" for evidence to help them meet their burden.

To establish subject matter jurisdiction, Defendants must prove that (1) Plaintiff fraudulently joined the resident Defendants, and (2) the amount in controversy is in excess of $75,000. However, Defendants have failed to meet their burden of proving that the non-diverse Defendants were fraudulently joined, and the Defendants have also clearly failed to meet their burden of proving that the amount in controversy in this case more likely than not exceeds $75,000. Since Defendants cannot meet their burden of proof, they seek discovery in post-hoc effort to justify the removal.

First, as a statutory requirement, the Defendants must make in their Notice "an affirmative showing… of all the requisite factors of diversity jurisdiction, including the amount in controversy, **at the time removal is attempted**." Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 253 (5th Cir. 1961). Next, a defendant has a very high burden in establishing fraudulent joinder – it must present evidence that "compels the conclusion that the joinder is without right and made in bad faith...". Everett v. MTD Prods., Inc., 947 F. Supp. 441, 445 (N.D. Ala. 1996). The burden is a heavy one because if a **possibility** exists that a state court could find that the complaint states a cause of action against any one of the resident Defendants, this Court must find that the joinder is proper and remand the case to the state court. Coker, 709 F.2d at 1440; (citing Parks, 308 F.2d at 477-78). In the case at hand, Defendants have failed to establish the existence of federal jurisdiction, but instead request remand-related discovery.

In addressing the issue of whether to grant a request for of additional time to conduct remand-related discovery, Judge William H. Steele of the United States District Court for the Southern District of Alabama in <u>Thomas H. Rayborn and Evon S. Rayborn v. Principal Equity Mortgage, Inc., et al.,</u> Civil Action No. 03-0575-WS-C (S.D.Ala. October 15, 2003)(attached to Index of Exhibits as Exhibit "A"), strenuously warned against the consequences and its precedential value for future actions.  In denying the request for remand-related discovery, Judge Steele's insights and explanation of what "troubled" the Court, actually mirrors Plaintiff's counsel's experience in the State of Mississippi.  Judge Steele opined that:

> "At a somewhat higher plane of abstraction, the Court is troubled by the potential consequences of granting HomEq the relief [additional time to conduct remand-related discovery] it seeks here.  To do so would effectively encourage state court defendants to remove actions in which they cannot presently meet their burden as to the amount in controversy.  Once in federal court, such defendants could seek discovery under the auspices of and subject to the rigorous procedural requirements of federal court. … .  Even if such efforts failed and the case were remanded, the defendant would be the beneficiary of discovery and strategic advantages."

<u>Id.</u> at p. 6-7.

What magnifies this scenario is that Plaintiff's counsel anticipates filing a large number of additional cases similar to the instant action.  If Defendants are allowed to take depositions and propound discovery to each Plaintiff at the removal stage, then this matter will significantly delay the cases, as well as take up this Court's valuable time and resources.  Presumably, since we are only at the removal stage, Defendants will ask the Court to read all of the depositions and review all of the interrogatories, request for production and request for admissions they have propounded on this issue.  As such, it

can easily be seen where this procedure will significantly delay each case and inundate the Court with materials that it otherwise would not have to review.

In the real world, this case is just one of many for which each counsel is responsible. As such, moving this case (and the many to follow) tends to be more a function of scheduling and availability of getting all of this work done in an otherwise restricted time period. Under a typical scheduling order, the parties would have a little more breathing room in completing the requested discovery. In a footnote, Judge Steele also recognized that this "remand-related" discovery phase is never as easy or as convenient as a defendant portrays. In speaking from obvious experience and wisdom, he stated that:

> "HomEq's representation that the necessary discovery could be completed in 60 days appears optimistic, at best. Discovery of even the simplest of factual issues often takes considerably longer that one might expect, thanks to delays in securing information, documents, and witnesses, disputes over discovery, and the like. And the damages issues raised by HomEq here may not be the simplest of issues. A far more likely scenario that the clean, no-hassle 60-day period of discovery suggested by HomEq is that the initial discovery period would drag on in this Court for several months, perhaps with judicial policing of discovery disputes, at considerable expense to the parties, all to allow HomEq to seek out a post-hoc evidentiary basis for its decision to remove this case to federal court.

Id. at p. 6. The result that Judge Steele described is the exact same experience that Plaintiff's counsel has had with this "remand-related" procedure in the past. As such, Plaintiff's counsel respectfully requests that this Court not go down this path of protracted, expensive and duplicative litigation.

Judge Steele's strong and well-reasoned opinion was not limited to the effect that this type of procedure would have on the Court's docket, he properly argued that this type of request actually flew in the face of established procedure. He added that:

"In this Court's view, such a scenario is not an appropriate use of the removal procedure authorized by 28 U.S.C. § 1441. The removal statutes allow a defendant who can meet his burden of proof to remove a case. Yet HomEq would have this Court place the cart before the horse, allowing a defendant to remove a case even if it has no present reasonable basis for meeting its burden of proof, then be granted a discovery period in federal court to ferret out evidence as to whether its burden is achievable. This 'remove now, ask questions later' approach is contrary to the spirit, if not the letter, of removal jurisdiction. … . The Court cannot adopt such a holding in this case."

"Indeed, Congress sanctioned such an approach by providing that if an action is not immediately removable based on the initial pleading, a defendant may still remove it 'within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable,' within one year after the action is commenced." 28 U.S.C. § 1446(b).

Id. at p. 7. Here, Defendants' attempt to conduct discovery in order to ferret out evidence as to whether its burden is achievable is not appropriate.

The Defendants in this case have presented a sundry list of reasons for requesting additional time to conduct remand-related discovery. None of these reasons provide a sufficient basis for their request. Even more important, there is nothing unique in their request that is specific to the non-diverse Defendants. It appears that what Defendants are really trying to show is that Plaintiff has no claims against any Defendant, not just the non-diverse Defendants. As such, the claim of "fraudulent joinder" of a specific Defendant is inappropriate. This is always true when the defenses being cited are really applicable to all defendants.

In Marcia Pettis v. American International Group, Inc., Civil Action 4:04cv295 (N.D. Miss, December 6, 2004)(attached to Index of Exhibits as Exhibit "B"), Chief Judge Glen Davidson denied these same corporate Defendants' request for remand-related discovery, in part, because they were not unique to the non-diverse defendants.

9

The Mississippi District Court's ruling was premised on the Fifth Circuit's *en banc* opinion in <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568, 574 (5th Cir. 2004). In <u>Smallwood</u>, the full Fifth Circuit recognized that when the basis for fraudulent joinder is really an attack on the merits of the entire case, it is not appropriate to just single out treatment of one, or just a few Defendants. More particularly, the Court explained that:

> Rather, the basis of its contention that Smallwood could not recover went, in fact, to the entire case, although it was first directed to Smallwood's claims against MDOT. Then, with jurisdiction secured, and with all the force of the "law of the case," this same preemption was directed to the merits of Smallwood's claims against the railroad. A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured concept. The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper. Nevertheless, when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such--an allegation that, as phrased by the Supreme Court in *Chesapeake & O.R. Co. v. Cockrell,* "the plaintiff's case [is] ill founded as to all the defendants." In reaching this conclusion, we are applying our traditional improper joinder analysis.

<u>Id</u>. (internal citations omitted). The instant action presents essentially the same issue. Therefore, since a claim of fraudulent joinder is improper, a request for remand-related discovery to prove fraudulent joinder is equally improper. As such, Plaintiff respectfully requests that Defendants' motion be denied.

Plaintiff has challenged, on solid grounds, Defendants' removal of this action from state court to this Court in Plaintiff's Brief in Support of Remand. As stated in the Remand Brief, this Court has remanded two nearly identical actions and specifically finding that the non-diverse defendants were not fraudulently joined. <u>Clinton and Mozell</u>

Moore v. First Family Financial Services, Inc., et al., Civ. Action No. 2:03cv1254-F

(M.D.Ala. September 24, 2004)(attached to Index of Exhibits as Exhibit "C") and Clara

Tolbert v. First Family Financial Services, Inc., et al., Civ. Action No. 2:04-cv-107-F

(M.D.Ala. Nov. 5, 2004)(attached to Index of Exhibits as Exhibit "D").

　　　　As further stated in Plaintiff's Remand Brief, Judge Thompson, of the United

States District Court for the Middle District of Alabama, remanded a nearly identical

action holding:

> First, the court agrees with plaintiff that there has not been fraudulent
> joinder of any resident defendant (that is, plaintiff has colorable claims
> against such a defendant)(citations omitted).   Second, the court agrees
> with plaintiff that there has not been fraudulent misjoinder of any resident
> defendant (that is, plaintiff has reasonably joined such a defendant with
> other defendants pursuant to Rule 20 of the Federal Rules of Civil
> Procedure)(citations omitted).

Jacqueline Cox v. First Family Financial Services, Inc., et al., 03-T-1253-E (M.D.Ala.

Feb. 12, 2004)(attached to Index of Exhibits as Exhibit "E").

　　　　Judge Albritton of the United States District Court for the Middle District of

Alabama has also remanded a nearly identical action.   John Guilford v. Citigroup, Inc., et

al., Civ. Action No. 2:03cv1162-A (M.D.Ala. June 14, 2004)(attached to Index of

Exhibits as Exhibit "F").   In Guilford, Judge Albritton held:

> The court has examined these loan documents and finds that the
> documents do not directly contradict the Plaintiff's allegations to the
> extent that there is no possibility that the state court could find that the
> fraud claim is not barred by the statute of limitations.  Therefore, the court
> holds that the Plaintiff has not fraudulently joined the non-diverse
> Defendant, and thus this court does not have subject matter jurisdiction
> over the case.

The Guilford court granted the plaintiff's motion to remand despite evidence proffered by the defendants purporting to prove that the plaintiffs' loan documents contradicted his alleged misrepresentations.

## CONCLUSION

Defendants have failed to meet their burden of proving that the non-diverse Defendants were fraudulently joined, and the Defendants have also clearly failed to meet their burden of proving that the amount in controversy in this case more likely than not exceeds $75,000.  Defendants are unable to meet their burden at the time of removal as required, and now seek discovery in order to meet their burden.  As such, Defendants' request for an extension of time to conduct remand-related discovery is due to be denied.

WHEREFORE, Plaintiff respectfully urges this Honorable Court to Alter, Amend or Vacate the Court's order granting Defendants' Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery.


_/s/ Charles Lance Gould
C. LANCE GOULD (GOU007)
Attorney for Plaintiff


**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL  36103-4160
(334) 269-2343
(334) 954-7555 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 16th day of September, 2005.


   /s/ Charles Lance Gould
OF COUNSEL


**<u>Attorney for Defendants American International Group, Inc.</u>**
**<u>and American General Corporation:</u>**

Jeffrey M. Grantham
John Thomas Aquina Malatesta, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999
Email: jgrantham@mcglaw.com
Email: jmalatesta@maynardcooper.com


**<u>Attorneys for Defendants American General Financial Services, Inc.;</u>**
**<u>American General Financial Services of Alabama, Inc..;</u>**
**<u>Merit Life Insurance Co.; and Yosemite Insurance Company:</u>**

David Elliott
Robert H. Rutherford
Matthew T. Mitchell
BURR & FORMAN LLP
Suite 3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203
Tel:    205-251-3000
Fax:    205-458-5100
Email: delliott@burr.com