IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIE LEE POOLE,           )
                                 )
        Plaintiff,         )
                                 )
v.                           )    CIVIL ACTION NO. 2:05-CV-774
                                 )
AMERICAN INTERNATIONAL  )
GROUP, INC.; et al.,          )
                                 )
        Defendants.     )

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ALTER, AMEND OR
VACATE COURT'S ORDER GRANTING DEFENDANTS' MOTION FOR AN
EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO REMAND FOR
THE PURPOSE OF CONDUCTING REMAND-RELATED DISCOVERY**

      **COME NOW** Defendants American General Financial Services of Alabama, Inc.
(improperly designated as American General Finance Inc. in the complaint), as successor to
American General Finance, Inc., Merit Life Insurance Company, and Yosemite Insurance
Company (hereinafter collectively referred to as "Defendants"), by and through their
undersigned counsel, appearing specially so as to preserve any and all defenses available under
Rule 12 of the Federal Rules of Civil Procedure and specifically preserving the right to seek
arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby submit this
response to Plaintiff's Motion to Alter, Amend or Vacate Court's Order Granting Defendants'
Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of
Conducting Remand-Related Discovery. In support of their response, Defendants show unto the
Court the following:

## I. <u>INTRODUCTION</u>

On or about September 9, 2005, Defendants filed a Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery ("Motion for an Extension of Time"). Therein, Defendants demonstrated that, due in large part to Plaintiff's intentionally vague allegations, remand-related discovery is necessary to formulate a proper response to Plaintiff's Motion to Remand.[1] On or about September 12, 2005, this Court granted Defendants' Motion for an Extension of Time. On or about September 16, 2005, Plaintiff filed a Motion to Alter, Amend or Vacate Court's Order Granting Defendants' Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery ("Motion to Alter"). Plaintiff argued in his motion that Defendants' request for additional time should be denied because it is a "fishing expedition" that will, due to the large number of additional cases Plaintiff anticipates filing, unnecessarily burden this Court.

Plaintiff's contentions are completely unfounded. Remand-related discovery is necessary only for the following reasons: to determine what loan, if any Plaintiff places at issue; to determine whether Plaintiff made any payments on said loan; to clarify Plaintiff's vague allegations with respect to said loan; to determine whether the Non-Diverse Defendants were involved in said loan; and to determine whether Plaintiff received documents in connection with said loan putting him on notice of his fraud claims. These findings are absolutely crucial to

---

[1] Defendants also demonstrated that they had been unable, despite much effort, to locate loan documents for the 1990 loan(s) at issue. Since filing their Motion for an Extension of Time, however, Defendants have located documents for a June 15, 1990 loan involving Plaintiff, albeit as a co-borrower. (See Affidavit of Robert S. Ritter authenticating the 1990 loan documents, attached hereto as Exhibit "A;" the 1990 loan documents are attached to the Affidavit of Robert S. Ritter as Exhibit "A(1)"). As set forth below, these documents not only confirm the need for remand-related discovery, they raise even more questions that require resolution through such discovery.

determining the propriety of removal in the present action and in no way evidence a "fishing expedition" on the part of Defendants. Indeed, this discovery would not be necessary but for Plaintiff's intentionally vague allegations, which lack any specificity about his claims, such as which loan transactions are at issue, and which of the individual Defendants were allegedly involved with and made misrepresentations about those particular loans. Thus, Plaintiff's conduct, not that of the Defendants, has led to the need to take this discovery.

Plaintiff also contends that the Court should deny remand-related discovery because Plaintiff's counsel anticipates filing a large number of these cases, which would result in undue burden on the Court. That disingenuous argument is not grounds for denying Defendants' request to conduct remand-related discovery. Under that argument, Plaintiff's counsel could always avoid federal jurisdiction merely by filing numerous frivolous lawsuits with allegations too vague to formulate a proper response thereto. For these reasons and others demonstrated in detail below, Plaintiff's Motion to Alter is due to be denied.

## II. ARGUMENT

Contrary to what Plaintiff would have the Court believe, Defendants' removal of the present action is not an example of "remove now" and "ask questions later". Defendants made quite clear in their Notice of Removal the bases for diversity jurisdiction, demonstrating that the Non-Diverse Defendants have been fraudulently joined because Plaintiff's claims against them are, on their face, time-barred by the applicable two year statute of limitations and substantively meritless. Moreover, Defendants established that the amount in controversy requirement is satisfied by citing an abundance of Alabama decisions involving similar claims where the Plaintiff was awarded damages in excess of $75,000.[2] Accordingly, Defendants seek discovery

---

[2] Because Plaintiff seeks an unspecified amount of damages, Defendants are only required to show that "the amount in controversy more likely than not exceeds the jurisdictional

merely to confirm what they already know and have already shown to be true -- that this Court has diversity jurisdiction over the present action.

### A.    Defendants Need to Conduct Remand-Related Discovery in Order to Confirm that the Non-Diverse Defendants Have Been Fraudulently Joined.

Federal district courts are empowered to order remand-related discovery if they see fit to do so, a maxim adopted by Judge Steele in Thomas R. Rayborn and Evon S. Rayborn v. Principle Equity Mortgage, Inc., et al., Civil Action No. 03-0575-WS-C (S.D. Ala. October 15, 2003), a decision relied heavily upon by Plaintiff in his Motion to Alter.[3]  As demonstrated in Defendants' Motion for an Extension of Time, such discovery is needed in the present action to confirm that the Non-Diverse Defendants have been fraudulently joined.

Fraudulent joinder occurs where "there is no possibility that the Plaintiff can prove a cause of action against the resident (non-diverse) defendant."[4]  In the present action, there can be no possible cause of action against the Non-Diverse Defendants because said Defendants and the Plaintiff himself were not sufficiently involved in the loan at issue, because Plaintiff's claims against said Defendants are time-barred by the applicable statute of limitations, and because

---

requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996). Federal courts in Alabama adjudicating similar claims have repeatedly acknowledged that the citation of analogous cases suffices to show that the amount in controversy more likely than not exceeds the jurisdictional requirement. See Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319 (M.D. Ala. 2003)(After careful review of the cases cited by the defendant, the Court concluded that said defendant had sufficiently demonstrated that the amount in controversy requirement had been met.); Fowler v. Provident Life and Accident Insurance Co., 256 F. Supp. 2d 1243 (N.D. Ala. 2003); (same); Bullock v. United Benefit Ins. Co., 165 F. Supp. 2d 1255 (M.D. Ala. 2001) (same).

[3] See also Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Steele v. Underwriters Adjusting Co., 649 F.Supp. 1414 (M.D. Ala. 1986).

[4] Fowler v. Provident Life and Accident Insurance Co., 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003) (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)).

Plaintiff's claims against said Defendants substantively fail as a matter of law. Remand-related discovery is needed, however, to substantiate these contentions.

      1.     **Remand-Related Discovery is Needed to Demonstrate that Plaintiff's Fraud Claims Against the Non-Diverse Defendants are Time-Barred by the Statute of Limitations.**

As demonstrated in Defendants' Motion for an Extension of Time, federal courts in Alabama have repeatedly found fraudulent joinder, and denied motions to remand, in virtually identical cases where the applicable statute of limitations bars all claims against a non-diverse defendant.[5] Plaintiff's fraud claims against the Non-Diverse Defendants are governed by a two year statute of limitations.[6] Alabama courts have held that this two year limitations begins to run "when the plaintiff discovers the fraud or when the plaintiff should have discovered the fraud in the exercise of reasonable care."[7] The law is now clear that "fraud is discoverable as a matter of law for purposes of the statute of limitations when one receives documents that would put one on such notice that the fraud reasonably should be discovered."[8] Given the above, it is clear that

---

[5] See Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319 (M.D. Ala. 2003); Fowler v. Provident Life and Accident Insurance Co., 256 F. Supp. 2d 1243 (N.D. Ala. 2003); Bullock v. United Benefit Ins. Co., 165 F. Supp. 2d 1255 (M.D. Ala. 2001); Wakeland v. Brown & Williamson Tobacco Corp., 996 F. Supp. 1213 (S.D. Ala. 1998).

[6] Because no specific limitations period is prescribed for Plaintiff's fraud claims, they are all governed by the general, two (2) year statute of limitations period outlined in ALA. CODE § 6-2-38(l). See, e.g., Ex parte American General Finance, Inc., 795 So. 2d 685, 686-87 (Ala. 2000); Lott v. Tarver, 741 So. 2d 394, 397 (Ala. 1999); Liberty Nat'l Life Ins. Co. v. Parker, 703 So. 2d 307, 308 (Ala. 1997).

[7] Fabre v. State Farm Mut. Auto. Ins. Co., 624 So. 2d 167, 168 (Ala. 1993). Accord Lott v. Tarver, 741 So. 2d at 397; K & C Dev. Corp. v. AmSouth Bank, N.A., 597 So. 2d 671, 676 (Ala. 1992).

[8] Ex parte American General Finance, Inc., 795 So. 2d at 689-90. Accord Liberty Nat'l Life Ins. Co. v. Parker, 703 So. 2d at 308; Foremost Ins. Co. v. Parham, 693 So. 2d 409, 422 (Ala. 1997); Jackson v. Secor Bank, 646 So. 2d 1377, 1379 (Ala. 1994); Kelly v. Connecticut Mut. Life Ins. Co., 628 So. 2d 454, 458 (Ala. 1993); Fabre v. State Farm Mut. Auto. Ins. Co., 624 So. 2d at 169.

fraud claims accrue, and the statute of limitations begins to run, when plaintiffs receive documents putting them on notice of the alleged fraud. See id.

Though only a co-borrower, Plaintiff apparently purchased credit life insurance in connection with the 1990 loan. (Ex. A(1)). If Plaintiff contends that misrepresentations were made to him in connection with that insurance, the loan documents contain disclosures that would put a reasonable person on notice of any such fraud claims. Specifically, the loan documents state, among other things, that "[c]redit life insurance and credit disability insurance are not required to obtain credit and will not be provided unless you sign and agree to pay the additional cost." (Ex. A(1)). Following this disclosure, Plaintiff provided his signature below the statement: "I want credit life and disability insurance." (Ex. A(1)).

Though the foregoing establishes that the 1990 loan documents provided notice of Plaintiff's fraud claims, remand-related discovery is needed to determine whether Plaintiff is even placing this loan at issue and, if so, whether representations were made to him in connection with the loan and whether Plaintiff received copies of the documents in question. Moreover, to the extent Plaintiff alleges that these 1990 loan documents did not put him on notice of the alleged fraud, remand-related discovery is needed to clarify Plaintiff's allegations of fraud, which are not clear from his Complaint. As such, Plaintiff's Motion to Alter is due to be denied.

     **2.**     **Remand-Related Discovery is Needed to Determine the Non-Diverse Defendants' Level of Involvement in the Loan at Issue.**

Defendants need additional time to determine the level of Plaintiff's contacts, if any, with Kathie Rowell and/or Latanya Kennedy on the 1990 loan. Significantly, the 1990 loan documents reveal absolutely no involvement whatsoever by Latanya Kennedy. (See Ex. A(1)). Moreover, the loan documents suggest that Kathie Rowell's involvement was limited to an

insurance policy purchased by James Poole, the co-borrower on the loan in question.[9] Thus, it is not even clear whether this loan is at issue in this matter, and that lack of clarity is a direct result of Plaintiff's failure to fully plead his cause of action.

Even if this loan is at issue in this lawsuit, it is possible, if not likely, that Plaintiff, as merely the co-borrower, never dealt with the Non-Diverse Defendants regarding the loan at issue, or that he did so in such a limited manner that he is precluded from asserting a cause of action against said Defendants.  The dearth of available information, however, prohibits a conclusive finding one way or another.  As such, this Court should grant Defendants additional time to conduct the necessary discovery.

### 3.    Remand-Related Discovery is Needed to Demonstrate that Plaintiff's Fraud Claims Against the Non-Diverse Defendants Substantively Fail as a Matter of Law.

Remand-related discovery is needed to demonstrate that Plaintiff's claims against the Non-Diverse Defendants substantively fail as a matter of law because Plaintiff could not have reasonably relied on said Defendants' alleged misrepresentations.  The Alabama Supreme Court has held that recovery under a fraud theory necessitates a showing that the plaintiff "reasonably relied" on the alleged misrepresentations. See Foremost Ins. Co. v. Parham, 693 So.2d 409, 421 (Ala. 1997).  Under this standard, "[i]f the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts," then the plaintiff's reliance on the alleged misrepresentations was not reasonable, and "the plaintiffs should not

---

[9] James Poole is a plaintiff in one of the other identical lawsuits Plaintiff's counsel has recently filed.

recover." Massey Automotive, Inc. v. Norris, 895 So.2d 215, 220 (Ala. 2004) (quoting Torres v.

State Farm Fire & Casualty Co., 438 So.2d 757, 759 (Ala. 1983)).[10]

As with the aforementioned statute of limitations analysis, this reasonable reliance

inquiry hinges on whether Plaintiff received documents contradicting the Non-Diverse

Defendants' alleged misrepresentations and/or providing the information allegedly suppressed.

As demonstrated above, the 1990 loan documents contain disclosures that would put a

reasonable person on notice of the fraud claims at issue and preclude reasonable reliance on

misrepresentations to the contrary.  Remand-related discovery is needed, however, to determine

whether Plaintiff places this loan at issue, and, more importantly, whether Plaintiff received

copies of the documents in question.  Moreover, to the extent Plaintiff alleges that the 1990 loan

documents did not preclude reasonable reliance, remand-related discovery is needed to clarify

Plaintiff's allegations of fraud.  As such, Plaintiff's Motion to Alter is due to be denied.

### 4. Remand-Related Discovery is Needed to Determine Whether Plaintiff Suffered Any Damages With Respect to the Loan in Question.

Given Plaintiff's status as a co-borrower on James Poole's 1990 loan and the uncertainty

surrounding Plaintiff's level of involvement with that loan, remand-related discovery is needed to

determine whether Plaintiff made any payments on the loan in question.  If he did not make any

payments, then he suffered no damages and is precluded from asserting a cause of action in fraud

against the Non-Diverse Defendants.  See Bryant v. Robledo, --- So.2d ----, 2005 WL 1532310,

---

[10] The foregoing principles are best illustrated by the Alabama Supreme Court's recent decision in Liberty National Life Ins. Co. v. Ingram, 887 So.2d 222 (Ala. 2004).  In Ingram, the plaintiff sued the defendant insurer for fraud based on allegations that said insurer told him that his policy would be paid up after 10 years.  Id. at 223.  In actuality, premiums on the policy at issue were payable for the entire life of the policy, and the policy at issue clearly stated as much. Id. at 228.   Because the plaintiff received documents clearly contradicting the alleged misrepresentations, the Court held that "[he] did not reasonably rely on [the insurer's] representation." Id. at 229.  As such, the Court entered summary judgment in favor of the defendant insurer on the plaintiff's fraud claim. Id. at 229-30.

at *6 (Ala. Civ. App. June 30, 2005) (citing Crowne Invs., Inc. v. Bryant, 638 So.2d 873, 876-77 (Ala. 1994)) (noting that a plaintiff must prove damages in order to establish a cause of action in fraud.). "It is elementary that fraud alone, without damage, will not give a right of action." Mobile Building & Loan Ass'n v. Odom, 166 So. 698, 700 (Ala. 1936). In this regard, the Alabama Supreme Court has specifically stated:

> Injury is not merely a consequence following the fraud alleged, but is an essential element of wrong. There can be no recovery of even nominal damages where the Plaintiffs fail to show injury sufficient to sustain an action of fraud. The elements of fraud and damage must concur to give rise to an action for damages.

Purcell Co., Inc. v. Spriggs Enterprises, Inc., 431 So.2d 515, 520 (Ala. 1983)(quoting id.). In this matter, it is not clear at all that Plaintiff has suffered any injury, and as a result, this Court should grant Defendants additional time to conduct the necessary discovery to make that determination.

### B. Judge Steele's Decision in *Rayborn* is Distinguishable from the Present Action.

In his Motion to Alter, Plaintiff relies heavily upon Judge Steele's denial of remand-related discovery in Thomas R. Rayborn and Evon S. Rayborn v. Principle Equity Mortgage, Inc., et al., Civil Action No. 03-0575-WS-C (S.D. Ala. October 15, 2003). Plaintiff's reliance thereon is misguided, as that decision is distinguishable from the present action.

First and foremost, the defendants in Rayborn sought remand-related discovery regarding only the amount in controversy. As such, the Court's order and the opinions expressed therein have little to no bearing on the issues before this Court, which deal primarily with fraudulent joinder. Additionally, Judge Steele noted that the defendant in Rayborn had presented no reasonable basis for meeting its burden of proof and was attempting to "place the cart before the horse." As demonstrated above, however, Defendants have clearly set forth the bases for

diversity jurisdiction by establishing the limited involvement of the Non-Diverse Defendants in the loan at issue, by demonstrating that the jurisdictional requirement is satisfied, and by showing that Plaintiff's claims are, on their face, time-barred by the applicable statute of limitations. As such, Defendants' Motion for an Extension of Time is not an attempt to "ferret out" evidence of federal jurisdiction after the fact. Rather, Defendants are merely seeking to confirm with additional discovery what they have already shown to be true.

Finally, Judge Steele's decision to deny remand-related discovery in <u>Rayborn</u> was made simple by the plaintiff's motion to remand, which included an itemized list of the improper fees and charges comprising the plaintiff's damages. The Court found this itemized list of fees and charges to be "quite instructive to [defendant] in weighing its contention that the jurisdictional threshold is satisfied," and in the absence of evidence to the contrary, saw no need for additional discovery. In contrast, Plaintiff has provided no such evidence that the Non-Diverse Defendants were properly joined in the present action, and additional discovery is needed to confirm that said Defendants have, in fact, been fraudulently joined.

Based on the foregoing, Judge Steele's decision in <u>Rayborn</u> is clearly distinguishable from the present action and should play no part in this Court's analysis of Plaintiff's Motion to Alter.

**C.    The Fifth Circuit's Decision in _Smallwood_ is Not Applicable in the Present Action.**

In his Motion to Alter, Plaintiff claims that Defendants' basis for fraudulent joinder is "really an attack on the merits of the entire case" and, as such, fails under the Fifth Circuit's _en banc_ decision in <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568 (5th Cir. 2004). Plaintiff fails to mention, however, that the <u>Smallwood</u> decision has no application in the Eleventh

Circuit, and that the Fifth Circuit has expressly held it inapplicable to a fraudulent joinder analysis in this very type of consumer finance case.

In Smallwood, the Fifth Circuit adopted a so-called "common defense" exception to the fraudulent joinder rule, and found that when "there is no reasonable basis for predicting the state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the non-resident defendant, there is no improper joinder; there is only a lawsuit lacking in merit." Id. at 574. The Eleventh Circuit, however, has not adopted this narrow exception to the fraudulent joinder rule, and, as demonstrated above, requires only that there be no possibility of recovery against the resident defendant for a finding of fraudulent joinder. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

Even if this were not the case, Smallwood was significantly limited by the Fifth Circuit's subsequent and recent decision in Boone v. CitiGroup, Inc., --- F.3d ----, 2005 WL 1581091 (5th Cir. July 7, 2005), in which the Fifth Circuit held that the narrow common defense exception described in Smallwood does not preclude diversity jurisdiction in consumer finance suits with allegations identical to those in the instant action. In Boone, consumer borrowers brought suit against a non-resident lender and its corporate entities, as well as individual residents of Mississippi for a variety of claims of fraud. Id. at *1. The defendants removed the action to federal court on the ground that the non-diverse individual defendants had been fraudulently joined. Id. at *4. "In particular, CitiGroup argued that, in light of remand-related discovery, there was no reason to believe that any of [plaintiffs'] claims against the non-diverse [defendants] were timely under Mississippi's three-year statute of limitations." Id. "The district court agreed and denied remand primarily on the ground of limitations." Id. The plaintiffs appealed the district court's decision and argued that under Smallwood, there was no fraudulent

joinder because the statute of limitations, if it precluded their claims against the non-diverse defendants, necessarily precluded their claims against all defendants. Id.

In denying the plaintiffs' appeal, the Fifth Circuit noted the narrow reach of Smallwood, as well as its inapplicability to remand motions in consumer finance cases such as this one:

> [T]he crux of Smallwood II's holding is that "only" where the showing that there is no reasonable basis for predicting state law would allow the plaintiff to recover against the resident defendant is such that the *same* showing "equally" and "necessarily" "compels" the conclusion that recovery is precluded against "all" non-resident defendants, then there is no improper joinder, but simply a wholly meritless suit. That is not the situation here.

> Although it is true that the district court denied remand and granted summary judgment on the basis of the same residual statute of limitations, it is not true that the statute of limitations defense assertion by the resident defendants "equally" and "necessarily" "compel[led]" dismissal of *all* claims against all the diverse defendants.

>                  *          *          *

> Appellants underscored at oral argument that their claims against the diverse corporate defendants were not simply premised on vicarious liability for the tortious acts of the three non-diverse individual appellees working for First Family. However, in properly conceding that at least some of their claims against the non-resident defendants are analytically distinct from and in addition to their *respondeat superior* claims against those defendants based on the wrongs allegedly committed by the resident defendants, appellants have conceded that the failure of their claims against the resident defendants does not in and of itself cause those of which are not based on *respondeat superior* liability for the wrongs committed by the resident defendants to fail as well.

Id. at *5-6 (emphasis in original).

After Boone, it is clear that a defense precluding recovery against individual resident defendants does not "equally" and "necessarily" preclude recovery against corporate non-resident defendants unless *all* of the plaintiff's claims against the corporate defendants are premised solely on the acts of the nondiverse Defendants in the suit -- and a finding of fraudulent joinder would equally and necessarily discharge all claims against all Defendants. Id.[11]   In the

---

[11] Prior to Boone, the Fifth Circuit had already explained the narrow reach of Smallwood in Rainwater v. Lamar Life Ins. Co., 391 F.3d 636 (5th Cir. 2004). In a per curiam opinion, the

case at hand, all Plaintiff's claims against the non-resident corporate Defendants are not all based solely on *respondeat superior* liability. In fact, Plaintiff's Complaint asserts a cause of action for negligent and/or wanton hiring, training, and supervising -- a claim that can *only* be asserted against the corporate non-resident Defendants. As such, Smallwood, even if it were accepted by the Eleventh Circuit, is not applicable to the fraudulent joinder analysis in the present action.[12] E.g., Queen v. American General Finance, Inc., 351 F.Supp.2d 576, 578-80 (S.D. Miss. 2005)("After an improper joinder analysis is conducted, the contractual claims against the out of state defendants survive. Those claims are asserted solely against the out of state defendants inasmuch as only the out of state defendants are in privity of contract with the plaintiffs. ...The requirement of a separate analysis of the contractual claims places this case outside the scope of Smallwood. Accordingly, the Court finds that the Rainwater opinion provides the most persuasive analysis. As a result, the plaintiffs' renewed motion for reconsideration is not well-taken"); accord Wingate v. Kerr-McGee Rocky Mountain Corp., no. 1:04cv513, 2005 WL 161221 at *4 (E.D. Tex. Jan. 26, 2005)(quoting Rainwater, 391 F.3d at 638 (emphasis in original))("Smallwood, however, applies only when *"all* claims against *all* defendants" are barred by a common defense").

---

Rainwater panel remanded the case before it to the district court for further analysis of whether the statute of limitations defense that barred claims against the in-state defendant was likewise "dispositive of **all** claims against **all** defendants." Id. at 638 (emphasis in original). According to the Rainwater court, the case before it "turn[ed] ... on whether the limitations defense that disposes of all claims against in-state defendants in fact disposes of **all** claims against **all** defendants, as the principle of Smallwood is triggered only when all defendants are reached." Id. (emphasis added).

[12] Plaintiff's reliance on Marcia Pettis v. American International Group, Inc., 4:04cv295 (N.D. Miss., December 6, 2004) is also misplaced. The Court in Pettis **denied** remand on the basis of bankruptcy jurisdiction without ever reaching the issue of diversity jurisdiction based upon fraudulent joinder. Thus, in the one case in Mississippi where Plaintiff can cite that remand-related discovery was not initially permitted, the Court exercised jurisdiction regardless.

**D.    Remand-Related Discovery Will Not Unduly Burden the Court.**

Equally without merit is Plaintiff's contention that this Court should be "leery" of permitting remand-related discovery because of the experience of federal courts in Mississippi with permitting such discovery.  As Defendants have already established, federal courts in Mississippi have not only routinely permitted remand-related discovery, they have also denied the plaintiffs' motions to remand and are now in the process of either granting summary judgment for the defendants, or dismissing with prejudice the plaintiffs' claims for failure to prosecute these meritless claims.[13]  Thus, for Plaintiff to imply that federal courts in Mississippi somehow regret their decision to permit remand-related discovery is flatly incorrect.  Rather, they are in the process of cleaning these baseless lawsuits out of the courts.

Similarly without merit is Plaintiff's argument that this Court will be overburdened by permitting remand-related discovery because Plaintiff's counsel intends to file a large number of these cases, for in that event, Plaintiff's counsel would be burdening the Courts with frivolous lawsuits, not Defendants, who have the right to invoke diversity jurisdiction whenever appropriate, such as in this case, regardless of the number of meritless lawsuits Plaintiffs' counsel threatens to file.

### III. CONCLUSION

Notwithstanding Plaintiff's claims to the contrary, Defendants request for leave to conduct remand-related discovery is neither a "fishing expedition" nor a "delay tactic."  Rather, such discovery is necessary to substantiate Defendants' previously established removal argument

---

[13] As recently as last week, in a matter brought by Plaintiff's counsel in Mississippi, the Honorable W. Allen Pepper dismissed with prejudice for failure to prosecute the plaintiffs' claims in *Tommie Faye Jones, et al. v. American International Group, Inc., et al.*, In the United States District Court for the Northern District of Mississippi, Greenville Division, Civil Action Number: 4:02cv98-P-B.  Attached hereto as Exhibit "B" is a copy of Judge Pepper's decision.

and to clarify Plaintiff's vague allegations.  Moreover, the necessary discovery should, in no way, complicate the proceedings or exceed the 60 days requested.  As such, this Court should affirm its original decision to grant Defendants leave to conduct remand-related discovery in the present action.

                                        Respectfully submitted,

                                        Robert H. Rutherford (RUT002)
                                        David A. Elliott (ELL027)
                                        Matthew T. Mitchell (MIT050)

                                        Attorneys for Defendants


**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response to Plaintiff's Motion to Alter, Amend or Vacate Court's Order Granting Defendants' Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery was served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the _____*30th*_____ day of September, 2005.

C. Lance Gould
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
272 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-2343
Fax: (334) 954-7555


_____
OF COUNSEL