IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE LEE POOLE, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | )   CASE NO.: 2:05-cv-774-MEF |
| | ) |
| AMERICAN INTERNATIONAL GROUP, INC., *et al.,* | ) |
| | ) |
|     DEFENDANTS. | ) |

## ORDER

This cause is before the Court on the Motion to Alter, Amend, or Vacate Court's Order Granting Defendants' Motion for An Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery (Doc. # 22). The Court has carefully considered all arguments in support of and in opposition to the this motion and for the reasons set forth in this Order, the Court finds that it is due to be GRANTED.

This Court is of the opinion that it has the discretion to allow removing defendants leave to conduct discovery directed toward defending against a plaintiff's motion to remand. Of course, such discovery is not warranted in every case and will not be granted as a matter of course. In some circumstances, however, it may be appropriate.

Plaintiff alleges that in or about the year 1990 and on other occasions he entered into "several loans" with Defendants. Compl. at ¶ 12. He further alleges that through their agents Defendants Kathie Rowell and Latanya Kennedy, residents of Alabama, the corporate

defendants defrauded him. Compl. at ¶ 12. The specific nature of the alleged fraudulent misrepresentations is set forth in the Complaint. *See* Compl. at ¶¶ 13-15. Asserting that Rowell and Kennedy were fraudulently joined, Defendants removed this action to this Court. Plaintiff sought remand.

Defendants filed a motion (Doc. # 19) seeking additional time to formulate a response to the motion to remand after conducting certain discovery relevant to issues relating to subject matter jurisdiction. Although the motion only explicitly seeks additional time for the filing of the Defendants' brief in opposition to the motion to remand, implicit in this motion is a motion for leave to conduct remand-related discovery as well. Without awaiting a response from Plaintiff, the Court granted this motion. *See* Doc. # 21. Plaintiff then filed the instant motion (Doc. # 22) seeking relief from the Court's Order.

In the circumstances of this case, the Court finds the limited discovery Defendants seek is unwarranted. Accordingly, it is hereby ORDERED as follows:

(1)  the Motion to Alter, Amend, or Vacate Court's Order Granting Defendants' Motion for An Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery (Doc. # 22) is GRANTED;

(2) This Court's September 12, 2005 Order (Doc. # 21) is VACATED.

(3)  Defendants' Motion for Additional Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery (Doc. # 19) is DENIED to the extent that it seeks remand-related discovery.

(4) In order to allow parties an opportunity to address the issues raised by the motion

to remand, the Court's August 30, 2005 Order (Doc. # 17) is AMENDED to provide that by no later than **February 24, 2006,** Defendants shall submit their opposition to the plaintiff's motion to remand and by no later than **March 3, 2006,** Plaintiff may file a reply brief in further support of the motion to remand.

DONE this the 9th day of February, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE