IN THE CHANCERY COURT OF JONES COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT, LAUREL DIVISION

EDWARD MORGAN, et al.                              *
                                                   *
          Plaintiffs,                              *
                                                   *
v.                                                 *Civil Action No.: 2002-1029
                                                   *
          Defendants.                              *
                                                   *
AMERICAN INTERNATIONAL GROUP, INC;*
AMERICAN GENERAL CORPORATION;      *
AMERICAN GENERAL FINANCE, INC.;    *
AMERICAN GENERAL FINANCE, INC.,    *
OF MISSISSIPPI; CREDIT CENTERS, INC.,  *
D/B/A AMERICAN GENERAL FINANCE INC.;*
MERIT LIFE INSURANCE COMPANY;      *
YOSEMITE INSURANCE COMPANY; and    *
 Fictitious Defendants "A", "B", and "C",  *
whether singular or plural, those other    *
persons, corporations, firms, or other     *
entities whose wrongful conduct caused     *
·the injuries and damages to the Plaintiff,  *
all of whose true and correct names are    *
unknown to Plaintiffs at this time, but will  *
be substituted by amendment when ascertained,  *
                                                   *
Defendants.                                        *

## AMENDED COMPLAINT

COME NOW, the Plaintiffs, and substitute this Amended Complaint for the Original

Complaint, and state the following:

## PARTIES

1.     Plaintiff, Jo Ella Buster, is an adult and otherwise fully competent resident

and citizen of Smith County, Mississippi

2.     Other Plaintiffs identified in Exhibit "A" attached hereto and fully

incorporated herein are adults and fully competent resident citizens of the county

identified in Exhibit "A."

**EXHIBIT**

**tabbies**

K

3.    Defendant American International Group, Inc., is a foreign corporation who does business throughout the State of Mississippi. According to the Secretary of State's office for the State of Mississippi, said corporation may be served with process by and through its registered agent, CT Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39208.

4.    Defendant American General Corporation is a foreign corporation who does business throughout the State of Mississippi. According to the Secretary of State's office for the State of Mississippi, said corporation may be served with process by and through its registered agent, CT Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39208.

5.    Defendant American General Finance, Inc., now known as American General Financial Services, Inc., is a foreign corporation who does business throughout the State of Mississippi. According to the Secretary of State's office for the State of Mississippi, said corporation may be served with process by and through its registered agent, CT Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39208.

6.    Defendant American General Finance, Inc. of Mississippi is a foreign corporation who does business throughout the State of Mississippi. According to the Secretary of State's office for the State of Mississippi, said corporation may be served with process by and through its registered agent, CT Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39208.

7.    Defendant Credit Centers, Inc. D/B/A American General Finance, Inc., is a foreign corporation who does business throughout the State of Mississippi. According to the Secretary of State's office for the State of Mississippi, said corporation may be

2

served with process by and through its registered agent, CT Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39208.

8.    Defendant Merit Life Insurance Company is a foreign corporation who does business throughout the State of Mississippi. Said corporation may be served with process by and through George Dale, Insurance Commissioner for the State of Mississippi, Post Office Box 79, Jackson, Mississippi 39205.

9.    Defendant Yosemite Insurance Company is a foreign corporation who does business throughout the State of Mississippi. Said corporation may be served with process by and through George Dale, Insurance Commissioner for the State of Mississippi, Post Office Box 79, Jackson, Mississippi 39205.

10.   Fictitious Defendants "A", "B" and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiffs, all of whose true and correct names are unknown to Plaintiffs at this time, but will be substituted by amendment when ascertained.

## VENUE AND JURISDICTION

11.   This Court has jurisdiction over the parties because Plaintiff Jo Ella Bester's loan transactions took place in Jones County. All named Defendants are hereinafter referred to collectively as "Defendants."

12.   Defendants are liable for the wrongful conduct alleged herein.

13.   **PLAINTIFFS MAKE NO CLAIMS PURSUANT TO FEDERAL LAW AND FURTHER MAKE NO CLAIMS WHICH WOULD GIVE RISE TO ANY FEDERAL CAUSE OF ACTION. PLAINTIFFS' CLAIMS ARE BASED**

3

SOLELY UPON STATE LAW.   EACH PLAINTIFF MAKES A CLAIM FOR
COMPENSATORY DAMAGES ONLY.   NO PLAINTIFF SEEKS PUNITIVE
DAMAGES NOR WILL ANY PLAINTIFF ACCEPT AN AWARD OF PUNITIVE
DAMAGES.      PLAINTIFFS   SEEK   NO   MORE   THAN   $74,900   IN
COMPENSATORY DAMAGES EACH, INCLUDING ANY FEES, COSTS, AND
INTEREST.  EVEN IF EACH PLAINTIFF WERE TO RECOVER UNDER EACH
COUNT OF THE COMPLAINT, EACH PLAINTIFF'S DAMAGES WOULD NOT
EXCEED $74,900.

## BACKGROUND FACTS

14      American International Group ("AIG") is a publicly traded, parent
company with several subsidiary corporations. American General Corporation, one such
wholly owned subsidiary of AIG, is a holding company for several subsidiary
corporations, including American General Finance, Inc. American General Finance, Inc.,
in turn, is a parent company of American General Finance Corporation ("AGFC") and
Defendant American General Financial Services, Inc., formerly known as American
General Finance, Inc., a Delaware corporation on behalf of itself and as successor to
American General Finance, Inc., a Mississippi corporation.

15      AGFC is the parent company of Defendants Merit Life Insurance
Company and Yosemite Insurance Company.  Upon information and belief Defendant
Merit Life Insurance Company issued all credit life insurance and credit disability
insurance issued to Plaintiffs and Defendant Yosemite Insurance Company sold all
property insurance issued to Plaintiffs

4

16.     This is a lawsuit brought on behalf of the Plaintiffs, who have or have had loans or who co signed or guaranteed loans with Defendant American General Finance, Inc. and/or other Defendants, and who were charged for credit life, credit disability, and/or personal property insurance by any or all of the Defendants and/or refinanced loans with Defendants. Exhibit "A" attached hereto, provides the date of the subject loan transactions, county where the loan took place, county where Plaintiff resides, the various insurance products charged on the subject loan and whether or not the subject loan refinanced a prior loan.

17.     Until within the past three (3) years of the filing of the Original Complaint, Plaintiffs were unaware of the Defendants' wrongful conduct as alleged herein and could not have at any time earlier discovered Defendants' wrongful conduct, which included Defendants' affirmative and fraudulent concealment of their wrongful conduct and the facts relating thereto.

18.     Contrary to law, Defendants fraudulently represented to Plaintiffs that if they purchased the credit life, credit disability and/or personal property insurance then they stood a better chance of getting approved for the loan requested.

19.     The premiums for Defendants' insurance products were excessive and/or inflated in comparison to other similar insurance products available in the marketplace but not sold or offered by Defendants    Additionally, insurance premiums were inflated falsely due to undisclosed commissions that Defendants received for selling the insurance.  In fact, Defendants' employees' compensation and bonuses are tied to the amount of insurance sold.

5

20.     Defendants sold and packaged these insurance products to Plaintiffs for two primary undisclosed financial reasons: (a) the premiums for insurance coverage can be financed and more finance charges charged to the borrower and (b) to profit from undisclosed and concealed commissions and fees paid for selling the insurance.

21     Defendants engaged in "insurance packing" by increasing Plaintiffs' debt by "padding" or "packing" the amount financed through the sale of insurance products Exorbitant interest rates were then charged by Defendants on the amount financed, which includes the insurance products.

22.     Credit insurance, for the most part, is unnecessary and overpriced.  The price the Plaintiffs paid for this insurance goes for additional profits to the Defendants, rather than for the protection of the Plaintiff.  Defendants did not explain or disclose this information to the Plaintiffs.

23     Loading of hidden profits to Defendants into the costs of credit insurance is detrimental to Plaintiffs.  The credit insurance sold to Plaintiffs is substantially more expensive than the same or similar insurance the Plaintiffs could purchase elsewhere Defendants did not explain or disclose this information to the Plaintiffs

24     Defendants also forced some Plaintiffs to buy property insurance on collateral that already was insured by existing homeowner's or renter's policies.  Defendants did not explain or disclose this information to the Plaintiffs.

25.     The Plaintiffs obtained loans through Defendants.  Plaintiffs' loans were packed with credit life insurance, credit disability insurance, and credit property insurance  The Plaintiffs were victims of the above described wrongful and fraudulent practices.

6

26. Defendants also engaged in the wrongful practice of "loan flipping". Defendants would solicit existing customers to refinance their existing loans at a time when it was financially beneficial to Defendants and financially detrimental to the customers. When the customer's loan was "flipped", the customer would pay excessive and unnecessary loan fees and higher interest charges on the new loan. Furthermore, the addition of credit insurance further created excessive charges for the customers, especially due to the operation of the Rule of 78's. As identified in Exhibit "A", certain Plaintiffs were not allowed to have a separate loan. Defendants fraudulently represented to these Plaintiffs that they were not allowed to have a separate loan. Additionally, the above stated facts concerning "loan flipping" were not disclosed to Plaintiffs.

27. The Defendants concealed and withheld the information material to the causes of action set out in this Complaint. In addition to making the conscious choice to conceal the material information, the Defendants created and implemented policies and procedures for conducting their ongoing business in a manner that would ensure concealment of their wrongdoing. The Defendants all took affirmative steps to conceal from the Plaintiffs the wrongful acts and omissions perpetuated against the Plaintiffs. The Defendants' conduct in this regard constitutes fraudulent concealment.

28. Defendants' conduct constitutes a breach of implied covenants of good faith and fair dealing, breach of fiduciary duties, negligence, fraudulent misrepresentation and/or omission, negligent misrepresentation and/or omission, and civil conspiracy.

## COUNT I

### Breach of Fiduciary Duties

7

29.    Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs and further allege:

30.    Defendants purported to obtain credit life, credit disability and/or credit property insurance on behalf of Plaintiffs as set forth in Exhibit "A." Defendants owed a fiduciary duty to Plaintiffs to obtain adequate insurance at a fair and reasonable price and to disclose to Plaintiffs facts which worked to the Plaintiffs financial detriment. Under these circumstances, the relationship between the parties transcended a normal lender/borrower relationship. This fiduciary duty or confidential relationship arose because the Plaintiffs placed special trust and confidence in their lender to obtain adequate insurance for the purposes contemplated at the prevailing market rate and to advise Plaintiffs of facts which worked to the financial detriment of Plaintiffs.

31.    Defendants had a duty to act in the best interests of the Plaintiffs, or at least not to act in a manner which was directly adverse to the interests of the Plaintiffs.

32    Defendants, including the employees of the Defendants, had an affirmative duty to disclose to the Plaintiffs that the Defendants directly or indirectly received remuneration for the insurance programs and to refrain from representing to the Plaintiffs that all of the premiums collected were being paid to a disinterested insurance company. Defendants had an affirmative duty to disclose to Plaintiffs that the Defendants derive substantial income through the sale of insurance and had a financial incentive to sell insurance in connection with loans to borrowers. The disclosure form failed to disclose adequately Defendants' sharing of the insurance premiums and the financial connection between Defendants and the insurers. Defendants also had a duty to disclose the other facts described herein.

8

33    Defendants breached their fiduciary duties owed to Plaintiffs by marketing, selling and obtaining credit life, credit disability and credit property insurance which was inadequate, grossly overpriced and far in excess of the prevailing market rate.

34.    Defendants also breached their fiduciary duties owed to Plaintiffs by charging Plaintiffs interest on the inadequate and grossly overpriced insurance premiums at the Contract rate. Defendants further breached their fiduciary duties by failing to disclose to Plaintiffs that is was not financially in the Plaintiffs' best interest to refinance their existing loans. Defendants should have informed Plaintiffs that it would cost Plaintiffs less money if Plaintiffs took out another loan, instead of refinancing the existing loan.

35.    Defendants breached their fiduciary duties owed to Plaintiffs by among other things charging premiums for useless, overpriced or worthless insurance coverage.

36.    Defendants' breach of their fiduciary duties caused Plaintiffs to suffer damages in an amount to be determined at trial.

37.    Additionally, by reason of the Defendants' conduct set out herein, Plaintiffs are entitled to recover compensatory damages.

## COUNT II

### Breach of Implied Covenants of Good Faith and Fair Dealing

38.    Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs and further allege:

39.    In every contract, there are implied covenants of good faith and fair dealing. These implied covenants prevent one party from exercising judgment in such a

9

manner as to evade the spirit of the transaction or to deny the other party the expected benefits of the contract.

40.    When Plaintiffs entered into their contract with Defendants for a consumer loan, they reasonably believed that if Defendants procured credit life, credit disability and credit property insurance on their behalf, Defendants would procure adequate insurance at the prevailing market rate and not grossly overcharge Plaintiffs for such insurance. Additionally, Plaintiffs reasonably believed and had the right to believe, that if Defendants obtained credit life, credit disability, and credit property insurance for them, an exorbitant interest rate would not be charged for the insurance premium.

41.    However, the Defendants breached the implied covenants of good faith and fair dealing by evading the spirit of the transaction by obtaining inadequate insurance for Plaintiffs and charging an exorbitant and grossly unfair premium which was far in excess of the market rate.

42.    Moreover, by engaging in the misleading and deceptive practices described herein, including "loan flipping", the Defendants have successfully taken advantage of the Plaintiffs' lack of knowledge and sophistication regarding the entire transactions as well as the insurance described herein.

43.    Defendants further breached the implied covenants of Good Faith and Fair Dealing by engaging in the conduct set out in the Background Facts portion of the Complaint.

44.    As a direct and proximate result of Defendants' breach of the implied covenants of good faith and fair dealing, Plaintiffs have been damaged in an amount to be proven at the trial.

45.    Defendants' misleading and deceptive practices thereby entitle the Plaintiffs to recovery of compensatory damages.

## COUNT III

### Fraudulent Misrepresentation and/or Omission

46.    Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs and further allege:

47.    Defendants made the above described and the following false, misleading and deceptive representations to Plaintiffs and/or failed to state material facts in connection with the obtaining of credit life, credit disability and credit property insurance on behalf of Plaintiffs, in the following respects.

(a)    At the time Defendants obtained credit life, credit disability and credit property insurance on behalf of the Plaintiffs, Defendants failed to inform Plaintiffs that they could obtain alternative credit life, credit disability and/or credit property insurance at a cost much less than the amount that would be charged for insurance procured by Defendants.

(b)    Defendants failed to advise Plaintiffs that the credit life, credit disability and/or credit property insurance charged to Plaintiffs was grossly overpriced and far in excess of the market rate.

(c)    Defendants failed to inform Plaintiffs that the insurance premiums for the credit life, credit disability, and/or credit property insurance furnished by Defendants would be financed at an excessive interest

11

rate, thereby further driving up the cost of the insurance obtained for Plaintiffs;

(d)    Defendants failed to advise Plaintiffs that the credit life, credit disability and/or credit property insurance purportedly obtained on their behalf was wholly inadequate;

(e)    Defendants failed to disclose to Plaintiffs that Defendants would financially benefit and share either directly or indirectly in the insurance premiums charged to Plaintiffs, and that Defendants and/or its agents and representatives had a pecuniary interest in selling Plaintiffs credit life, credit disability and/or credit property insurance;

(f)    Defendants failed to disclose and adequately explain to Plaintiffs the manner in which credit life, credit disability and credit property insurance would be procured and charged to Plaintiffs;

(g)    Defendants failed to disclose to Plaintiffs that the purchase of credit life, credit disability and/or credit property insurance would not improve their chances of being approved for the loan;

(h)    Defendants, including the employees of the Defendants, misrepresented to Plaintiffs that the purchase of credit life, credit disability and/or credit property insurance would improve their chances of being approved for the loan;

12

(i)    Defendants failed to disclose that Plaintiffs were paying higher
costs, including more interest and higher fees, as a result of the
refinancing or "flipping" of existing loans;

(j)    Defendants led Plaintiffs to believe that it would cost Plaintiffs less
money by refinancing their existing loans;

(k)    Defendants further failed to disclose the other facts set out in the
Background Facts section of the Complaint

48.    The fraudulent misrepresentations, omissions and concealment by
Defendants were known and deliberate and were purposely designed to deceive Plaintiffs
into believing that Defendants were obtaining and furnishing adequate credit life, credit
disability and/or credit property insurance for them at a fair price, and that there was no
need for Plaintiffs to take any further action, and that Plaintiffs were being treated fairly
and in accordance with the law.

49.    At the time the Defendants obtained credit life, credit disability and/or
credit property insurance on behalf of Plaintiffs, Plaintiffs were unaware of the facts set
out above.

50.    The misrepresentations, concealment and omissions by Defendants, were
material in that Plaintiffs would not have permitted Defendants to obtain credit life, credit
disability and/or credit property insurance on their behalf nor would Plaintiffs have
completed the transaction absent the deceptive and misleading statements and omissions
of material facts by Defendants.  Plaintiffs reasonably believed that Defendants had
accurately and adequately disclosed all material facts and acted in their best interests.

51.    As a direct and proximate result of Defendants' fraudulent
misrepresentations, concealment and omissions, Plaintiffs have been proximately
damaged.

13

52.    Defendants' fraudulent conduct was unlawful, thereby entitling Plaintiffs to the recovery of compensatory damages from Defendants.

## COUNT IV

### Negligent Misrepresentation and/or Omission

53.    Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs and further allege:

54    Defendants negligently failed to advise Plaintiffs that Defendants are engaged in insurance underwriting through affiliated insurance companies, that they receive "commissions" or "compensation" for certain insurance programs underwritten by other companies, and/or that they derive substantial revenue from the sale of insurance to loan customers. Defendants negligently represented and/or negligently failed to advise of the manner in which Defendants obtained credit life insurance, credit disability and/or credit property insurance for Plaintiffs, as well as other material facts as more fully described herein, specifically in Count 3 above and the Background Facts portion of the complaint. Defendants negligently represented and/or negligently failed to disclose to Plaintiffs the information set out in Count 3 above and the Background Facts portion of the Complaint, as well as in the other parts of the Complaint.

55.    The representations and omissions made by Defendants were false and/or misleading and were negligently or recklessly made by Defendants without regard for their truth or falsity

56.    Defendants made these representations and/or omissions to Plaintiffs intending that they rely upon such representations and/or omissions.

14

57.    At the time the negligent misrepresentations and omissions were made, Plaintiffs believed they were true and were ignorant of the falsity of the representations. Therefore, Plaintiffs had the right to rely upon, and did reasonable rely upon the representations and/or omissions.

58.    The negligent representations were material in that they induced Plaintiffs to enter into the loan transactions and to allow Defendants to provide credit life, credit disability and/or credit property insurance on their behalf and to pay inflated premiums and other interest charges related thereto.

59.    As a consequence of the negligent misrepresentations and omissions, Plaintiffs have incurred actual and compensatory damages in an amount to be proven at trial.

60.    Defendants' negligent misrepresentations and/or omissions were reckless and were made with complete disregard for the benefit of Plaintiffs, thereby entitling Plaintiffs to the recovery of compensatory damages against Defendants.

## COUNT V

### Civil Conspiracy

61.    Plaintiffs adopt and incorporate herein by reference all preceding paragraphs and further allege.

62.    Defendants entered into a civil conspiracy with each other to sell credit life, credit disability and/or credit property insurance to Plaintiffs that were unnecessary and at an exorbitant premium far in excess of the market rate, as set out in other areas of

15

the Complaint. Said Defendants further conspired to achieve the other alleged wrongs set out in the complaint.

63.   As a direct and proximate result of the unlawful conspiracies, Plaintiffs have been damaged in an amount to be proven at trial.

64.   The acts, omissions and other conduct of Defendants alleged herein were unlawful. Thus, Plaintiffs are entitled to recover compensatory damages from Defendants.

## COUNT VI
### Negligence

65.   Plaintiffs hereby adopt and incorporate herein by reference all preceding paragraphs and further allege.

66.   Defendants owed a duty to Plaintiffs to exercise reasonable care to ensure that Plaintiffs received credit life, credit disability and/or credit property insurance which was both adequate and fairly priced.

67.   Defendants breached their duty of reasonable care to Plaintiffs by the following acts and/or omissions:

(a)   Failing to obtain credit life, credit disability and/or credit property insurance which was adequate;

(b)   Failing to obtain credit life, credit disability and/or credit property insurance at the prevailing market rate;

(c)   Charging Plaintiffs excessive interest and other charges relating to the credit life, credit disability and/or credit property insurance;

16

(d)   Pre computing the cost of the insurance premiums for the entire
      loan, charging the note for the entire premium, and charging
      interest for premiums not yet accrued;

(e)   Failing to furnish Plaintiffs with insurance policies which were for
      a definite period, which were signed and dated; and

(f)   Engaging in the other alleged wrongs and misconduct as set out in
      the Complaint

68.   As a direct and proximate result of the Defendants' breach of the duty of
reasonable care, Plaintiffs have suffered damages in an amount to be proven at trial

69.   At all times relevant hereto, Defendants' conduct was unlawful.
Accordingly, Plaintiffs are entitled to recover compensatory damages

### DAMAGES

70.   Plaintiffs adopt and incorporate herein by reference each of the preceding
paragraphs and further allege:

71.   As to all Counts hereinabove, and as a proximate cause of Defendants'
wrongful conduct, Plaintiffs have suffered economic losses, emotional distress, mental
anguish, physical pain and suffering, and other damages.  As to all Counts hereinabove,
Plaintiffs limit their damages as set out herein and the attached affidavit.   Such affidavit
is attached as Exhibit "B" to the Complaint

Roman A. Shaul (MS Bar No. 99873)
Attorney for Plaintiffs

17

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103
Telephone (334) 269-2343
Facsimile (334) 954-7555

## JURY DEMAND

    PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF
THIS CAUSE.

OF COUNSEL

18

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Defendants of record as listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the 19th day of October, 2005.

OF COUNSEL

**Attorneys for Defendant American General Financial Services, Inc., the Delaware corporation; American General Finance, Inc., a Mississippi corporation; Merit Life Insurance Co.; and Yosemite Insurance Company:**

Elizabeth B. Shirley
Robert D. Gholson
Burr & Forman, LLP
535 North 5th Avenue
Laurel, MS 39441-6523
Tel. (601) 425-0400
Fax: (601) 649-0088

Richard C. Keller
Robert H. Rutherford
BURR & FORMAN, LLP
Post Office Box 830719
Birmingham, Alabama 35283-0719
Tel: (205) 251-3000
Fax: (205) 458-5100